IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00074-MR

| | |
|---|---|
| PATRICK J. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. Also pending is the Plaintiff's Motion to Appoint Counsel [Doc. 4]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred on three different housing blocks at the Alexander Correctional Institution.[1] [Doc. 1, 23]. The Plaintiff names as Defendants: five NCDAC administrative officials including Secretary Todd Ishee; nineteen Alexander CI officials; and two Alexander CI

---

[1] The Plaintiff filed this lawsuit while he was incarcerated at the Tabor Correctional Institution, where he still resides. The Plaintiff previously filed a § 1983 action in this Court which passed initial review against two Alexander CI medical employees for deliberate indifference to a serious medical need, Case No. 5:23-cv-5-MR. That action remains pending.

nurses. He asserts claims under the First, Eighth, and Fourteenth Amendments for "excessive use of force, and retaliation … and deliberate indifference to the United States Constitution, and confinement in segregation …, of equal protection." [Id. at 2, 28]. For injury, he claims:

> PTSD, and constant living in fear when around officers. Increasing of hypertension, emotional distress, migraine headaches, sleep deprivation, anxiety, loss of weight, sprained hand, and nerve damages from hand slammed in trap, sharp pain, numbness in hand, treated with pills and ace bandage.

[Id. at 30]. He seeks preliminary and permanent injunctive relief;[2] compensatory, nominal, and punitive damages; costs; a jury trial; and any other relief that the Court deems just, proper, and equitable. [Id. at 30, 32].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

---

[2] The Plaintiff's claims for injunctive relief appear to be moot insofar as he no longer resides at the Alexander CI and the incidents of which he complains are unlikely to recur. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, Plaintiff brings multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court cannot and will not blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.). At this stage, the Court similarly declines to parse through the Plaintiff's allegations and address other deficiencies in Plaintiff's Complaint. The Complaint will, therefore, be dismissed without prejudice.

The Plaintiff moves the Court to appoint counsel to represent him, arguing that the Plaintiff is unable to afford counsel; that the case is factually complex due to the large number of Defendants, some of whom are supervisory officials; that the Plaintiff has no way to investigate the facts because he is locked in segregation; that there is likely to be conflicting testimony; that the Plaintiff has no legal training and very limited access to legal materials; and that the case is meritorious. [Doc. 4]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and, therefore, this Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be

subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. The Plaintiff's Motion for Appointment of Counsel [Doc. 4] is **DENIED**.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: May 7, 2024

Martin Reidinger
Chief United States District Judge