IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00074-MR

| | |
|---|---|
| PATRICK J. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TODD ISHEE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Amended Complaint [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 10]. The Amended Complaint is now before the Court for initial review. [Doc. 14].

---

[1] The Plaintiff filed this lawsuit while he was incarcerated at the Tabor Correctional Institution. He is presently incarcerated at the North Carolina Central Prison.

The Plaintiff names as Defendants: FNU Clossian, FNU Boyd, and Dustin Goings, sergeants; and FNU Cook, FNU Mack, FNU Slater, FNU Torres, FNU Caban, and FNU Johnson, correctional officers. He asserts claims for the violation of his First and Eighth Amendment rights.[2] [Id. at 3-4]. For injury, he claims "hypertension increase, emotional distress, mental anguish, loss of weight, loss of property and liberty." [Id. at 6]. He seeks "injunctive relief so rules change from retaliation of writing grievances to get issues redressed,"[3] and punitive and compensatory damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

---

[2] The Amended Complaint is liberally construed to include additional claims that are reasonably suggested by the allegations.

[3] The Plaintiff's claim for injunctive relief appears to be moot insofar as he no longer resides at the Alexander CI and the incidents of which he complains are unlikely to recur. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A. Parties

The body of the Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 14 at 5-6 (referring to Sgts. Hardin and Xiong, Lt. Moss, Officers View, Cypher, and Ellison, and Psychologist Stephen Coates)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). Accordingly, the allegations that refer to individuals not named as Defendants are dismissed.

### B. Official Capacity Claims

The Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v.

Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against the Defendants in their official capacities for damages do not survive initial review and will be dismissed.

### C. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

5

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff contends that Defendants Clossian, Mack, and Torres "placed [him] in full restraints on Lt. Moss side of unit and left [him] in restraints from 10/31 until [he] left to get shipped to Central Prison"; that "Sgt. Goings placed [him] in cell E-7 with non-functioning system sink for 15 days and Sgt. Boyd knew"; and that he was "left in full restraints from 10/31 until

6

[he] was shipped to Central Prison, left in a cell with non-functional toilet system."[4] [Doc. 14 at 5-6] (errors uncorrected).

These allegations are too vague and conclusory to state a plausible Eighth Amendment violation. The allegations about full restraints, restraints, and a non-functioning toilet fail to specify a timeframe or otherwise explain how the conditions were sufficiently serious. As to the allegation that the Plaintiff had a "non-functioning sink system" for 15 days, he fails to explain why this was sufficiently serious. See, e.g., Covington v. Marris, 2023 WL 118749824 (M.D.N.C. Dec. 1, 2023) ("prisoners are generally entitled to water or other necessary fluids but are not entitled to access at all times"); James v. Monroe County Jail, No. 04-cv-0524E(SC), 2005 WL 2030730, at *3 (W.D.N.Y., Aug. 23, 2005) (unpublished) ("Lack of access to running water, by itself, does not constitute the denial of the minimal civilized measure of life's necessities) (citations omitted). Nor does the Plaintiff allege that any Defendant knew of and disregarded an excessive risk to his health or safety. The Plaintiff's Eighth Amendment claims regarding the conditions of his confinement are, therefore, dismissed.

---

[4] It appears that the Plaintiff may be attempting to attribute this to Defendants Boyd, Goings, Caban, Johnson, Mack, Clossian, Torres, Cook, and Slater. [See Doc. 14 at 6].

7

### D. Excessive Force

In adjudicating an Eighth Amendment excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Plaintiff alleges that "C/O Johnson slammed hand in trap." [Doc. 14 at 5]. This vague and conclusory claim fails to plausibly allege either that this incident was objectively sufficiently serious, or that Defendant Johnson had a sufficiently culpable state of mind. Accordingly, the Plaintiff's Eighth Amendment claim for the use of excessive force is dismissed.

### E. Property Search

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. CONST. amend. IV. "The applicability of the Fourth Amendment turns on

whether 'the person involving its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action.'" King v. Rubenstein, 825 F.3d 206, 214 (2016) (quoting Hudson v. Palmer, 468 U.S. 517, 525 (1984) (internal quotations omitted)). "[P]risoners have no legitimate expectation of privacy and ... the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Hudson, 468 U.S. at 530.

The Plaintiff contends that Defendants Body, Caban, and Cook "excessively shook [his] cell down and damaged legal materials and discarded books and property." [Doc. 14 at 5]. To the extent that the Plaintiff claims that his Fourth Amendment rights were violated by unreasonable searches of his property, he has failed to state a claim for relief because he had no legitimate expectation of privacy. Hudson, 468 U.S. at 530.

Moreover, insofar as he complains that property was destroyed during the shakedown, this claim cannot proceed because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public

9

Case 5:24-cv-00074-MR   Document 15   Filed 07/31/24   Page 9 of 12

official who by an unauthorized act wrongfully deprives an owner of his property."). The Court, therefore, will dismiss these claims.

## F. Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

The Plaintiff claims that between September and October 2021, "a campaign of harassment began after [he] began grievancing misconduct of correctional officers for a PREA incident constant harassment";[5] that Defendants Clossian, Boyd, Torres, Mack, Johnson, Cook, Caban, and Slater sabotaged his "peaceful protest of hunger strike" on three occasions; and that "[a]ll named state actors work on same shift or transitioning shift having casual connection of reprisal." [Doc. 14 at 4-5] (errors uncorrected).

Here, the Plaintiff alleges no facts that would give rise to any inference of a connection between his PREA grievances and the Defendants' actions of the Defendants named regarding the alleged retaliation. As such, the Plaintiff makes no plausible allegations regarding the third element of this claim. Accordingly, the Plaintiff's retaliation claims will be dismissed.

---

[5] It is unclear whether the incidents discussed in Sections C-E are alleged to be part of this "campaign of harassment." [Doc. 14 at 4-5]. Even if the Plaintiff were attempting to include those incidents in his retaliation claim, such allegations, like the rest of the allegations made in support of his retaliation claim, are insufficient to state a claim in that they are conclusory and the Plaintiff has failed to plausibly allege causation.

11

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

**IT IS SO ORDERED**.

Signed: July 31, 2024

Martin Reidinger
Chief United States District Judge